IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**ANTHONY WALKER**                                                                                **PLAINTIFF**

**V.**                                                  **CIVIL CAUSE NO. 3:22-CV-124-DAS**

**KILOLO KIJAKAZI, ACTING COMMISSIONER**
**OF THE SOCIAL SECURITY ADMINISTRATION**                  **DEFENDANT**

**FINAL JUDGMENT**

Plaintiff Anthony Walker filed a Complaint for Judicial Review of Social Security Decision of the unfavorable decision of the Commissioner of Social Security regarding an application for a period of disability and disability insurance benefits. Docket 1. The parties have consented to entry of final judgment by the United States Magistrate Judge under 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 13. The Court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law and having heard oral argument, finds that the Commissioner's decision should be affirmed.

**FACTS**

The plaintiff filed for benefits on November 12, 2020, alleging onset of disability commencing on June 8, 2020. The Social Security Administration denied the claim initially and on reconsideration. Following a hearing, the ALJ issued an unfavorable decision on January 19, 2022. The Appeals Council denied the request for review, and this timely appeal followed.

The ALJ determined the claimant's thoracic spine degenerative disc disease was his only severe impairment. The ALJ found he retained the residual functional capacity (RFC) to perform light work with the ability to frequently climb ramps or stairs, occasionally climb ladders, ropes,

or scaffolds, and frequently stoop, kneel, crouch, and crawl. The ALJ found the plaintiff is capable of performing his past relevant work as a box printing machine operator as it is generally performed.

## ANALYSIS

The plaintiff asserts the ALJ improperly evaluated consultative examiner Dr. Callaghan's opinion as well as the state agency medical consultants' (SAMCs) administrative decisions and improperly assessed the plaintiff's credibility with respect to his allegations of pain and disabling symptoms. This court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and whether the correct legal standards were applied. 42 U.S.C. § 405 (g.); *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990); *Ripley v. Chater*, 67 F.3d 552, 553(5th Cir. 1995). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). The ALJ is solely "responsible for determining an applicant's residual functional capacity." *Ripley,* 67 F.3d at 557 (citing 20 C.F.R. § 404.1546). It is not a medical opinion, but an administrative decision, and the ALJ has considerable discretion in considering not just the medical evidence in the record, but other evidence. *Perez v. Secretary of Health and Human Services*, 958 F.2d 445, 446 (1st Cir. 1991) (citations omitted).

I. **Dr. Callaghan's Consultative Examination Report**

With respect to the medical opinions, the plaintiff argues the ALJ failed to evaluate the "supportability" and "consistency" of Dr. Callaghan's consultative examination report and the

medical opinions generated at the initial and reconsideration levels. In evaluating medical opinions, the regulations provide "[t]he factors of supportability and consistency are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions […] to be. Therefore, we will explain how we considered the supportability and consistency factors for a medical source's medical opinions […] in your determination or decision." 20 C.F.R. § 404.1520c(b)(2). Ultimately, this court's review is constrained by a showing of substantial evidence supporting the ALJ's decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). It cannot "reweigh the evidence in the record […] or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000).

      The ALJ concluded that Dr. Callaghan's opinion was "inconsistent with his exam findings, as well as with the other objective evidence in the record" and thus found it unpersuasive. While Dr. Callaghan's report documented full range of motion in the cervical, thoracic, and lumbar spine and all extremities and negative straight leg test, Dr. Callaghan stated that the plaintiff had enough multiple disc lesions that he could reasonably have significant pain. The plaintiff contends Dr. Callaghan's opinion supports his subjective complaints of debilitating pain, which, if properly evaluated, could have reduced him to sedentary work and resulted in a finding of disability.

      The Commissioner acknowledges the ALJ did not use the term "supported" or "supportability" in her decision but contends "the ALJ's explanation that Dr. Callaghan's findings were incompatible and did not support his opinion" comports with the regulatory requirements – specifically noting that Dr. Callaghan provided no specific functional limitations and documented normal findings on examination. As for the consistency of Dr. Callaghan's

opinion with other treatment evidence, the Commissioner outlines record evidence documenting largely normal treatment findings that include full range of motion, normal sensation and strength, and no significant gait abnormality—all of which support the ALJ's determination that Dr. Callaghan's opinion was not persuasive.

The court finds support in the record for the ALJ's conclusion that Dr. Callaghan's opinion was unpersuasive. Dr. Callaghan's report documented "full range of motion of the cervical, thoracic, and lumbar spine as well as all extremities." He noted the pain plaintiff experienced "when he did flexion of his cervical [and thoracolumbar] spine," however, he was in no apparent distress and exhibited 5 out of 5 strength "upper and lower bilaterally with no signs of atrophy" and "normal sensory examination." As noted by the Commissioner, Dr. Callaghan's report provided no specific limitations as to plaintiff's abilities to walk, stand, or sit or the amount of weight he could lift and carry.

The largely normal examination findings support the ALJ's determination that "Dr. Callaghan's opinion is inconsistent with his exam findings." As for the other objective evidence in the record, the ALJ's decision discusses treatment records documenting normal to mild findings and conservative treatment. The decision as a whole reflects that the ALJ properly considered whether Dr. Callaghan's opinion was supported by the record and thus meets the requirements of 20 C.F.R. § 404.1520c(b)(2).

## II. State Agency Medical Consultants' Opinions

The plaintiff makes the same argument regarding the ALJ's consideration of the state agency medical consultants' opinions at the initial and reconsideration levels. The ALJ found that these opinions limiting the plaintiff to light work were "adequately explained and supported

with objective evidence in the record" and thus persuasive. However, the plaintiff maintains the ALJ failed to discuss or consider the supportability or consistency of the SAMCs' opinions.

The plaintiff specifically notes the SAMCs' findings at the initial and reconsideration levels that his "statements about the intensity, persistence, and functionally limiting effects of [his] symptoms [were] substantiated by the objective medical evidence alone." However, he argues that the resulting light RFC is actually inconsistent with his subjective complaints of pain contained in the Adult Function Report and offered at the ALJ hearing. The plaintiff argues he would have been reduced to a sedentary RFC and found disabled if the ALJ had credited his testimony consistent with the state agency physicians' finding that his statements were substantiated by the objective medical evidence.

On his Adult Function Report, the plaintiff stated he could lift anything and was capable of walking for one hour before needing to rest for 15-20 minutes before resuming walking. He indicated that lifting, squatting, bending, standing, and reaching caused pain. This is consistent with the RFC imposed by the SAMCs limiting the plaintiff to about six hours of standing and/or walking (with normal breaks) in an eight-hour workday. Moreover, the SAMCs found the plaintiff's ability to lift and/or carry more limiting than that reflected in his Adult Function Report (occasionally lifting and/or carrying 20 pounds and frequently lifting and/or carrying 10 pounds). In explaining these limitations at the reconsideration level, Dr. Bass specifically cited the plaintiff's subjective complaints of pain – "the pain is pretty bad and worse with activity…pain maybe has gotten a little bit better, but it is still there" – and largely normal treatment findings – "no apparent distress," "tender …but not bad," "no pain with mild rotation, flexion and extension," "mild degenerative changes throughout," normal gait, and full range of

motion. Again, the court finds support in the record for the ALJ's conclusion that the SAMCs' opinions are persuasive.

### III.    The plaintiff's credibility

The plaintiff ties the previous two arguments into the third issue raised – that the ALJ improperly considered his complaints of pain in light of Dr. Callaghan's opinion that he might have intractable pain and the SAMCs' statements that the plaintiff's claims of pain were supported by the objective medical evidence. He claims the ALJ's assessment of his credibility is not supported by substantial evidence.

The ALJ's decision explained that the plaintiff's "alleged inability to perform substantial gainful activity is not corroborated by the preponderance of the evidence," specifically noting that the plaintiff alleged a greater degree of debilitation than the objective medical evidence supports. While Dr. Callaghan and the SAMCs all opined that to some degree that the plaintiff's complaints of pain were substantiated by the objective medical evidence, the ALJ – in considering the record as a whole – determined the evidence was consistent with a light RFC.

Because the ALJ did not err in evaluating the persuasive value of Dr. Callaghan's and the SAMCs' opinions, substantial evidence supports the RFC. Additionally, at the reconsideration level, Dr. Bass considered Dr. Callaghan's report and determined that it did not support greater limitations than those imposed at the initial level. For the court to find the ALJ erred in evaluating the plaintiff's subjective complaints of pain would amount to a reweighing of the evidence, which it is specifically prohibited from doing. Moreover, as noted by the Commissioner, such a finding would further ignore the lack of treatment from August 2020 through January 2022 and the lack medication to treat the plaintiff's alleged pain.

Accordingly, the Court finds there is no reversible error, and the Commissioner's decision is supported by substantial evidence in the record. Therefore, the decision of the Commissioner is hereby **AFFIRMED**.

**SO ORDERED**, this the 21st day of February, 2023.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**